IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TIMOTHY WAYNE DANIELS, *Plaintiff*, v. U.S. DEPARTMENT OF JUSTICE, *et al.*, *Defendants*. | No. 4:22-cv-00475-RK |

**DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56, Defendants respectfully move the Court to enter an order granting summary judgment in Defendants' favor on all claims in the Complaint.

Generally, a person convicted in any court of a crime punishable by more than one year may not possess a firearm or ammunition. 18 U.S.C. § 922(g)(1); *United States v. Brown*, 408 F.3d 1016, 1017 (8th Cir. 2005). Applicable definitions contain an important exception: "[t]he predicate conviction cannot have been expunged or set aside, nor can the person have been pardoned for it, or had civil rights restored." *Brown*, 408 F.3d at 1017 (citing 18 U.S.C. § 921(a)(20); *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000)). "The status of a conviction is determined by the law of the jurisdiction where the proceedings were held—in this case, Missouri." *Brown*, 408 F.3d at 1017 (citing 18 U.S.C. § 921(a)(20); *Caron v. United States*, 524 U.S. 308, 313 (1998)). Thus, as a general rule, when a state expunges a felony conviction it obtained the exception applies, and the felony conviction no longer constitutes a conviction for purposes of 18 U.S.C. § 922(g)(1). 18 U.S.C. § 921(a)(20). This case concerns *the exception to that exception*—the so-called "unless" clause of 18 U.S.C. § 921(a)(20).

The "unless" clause applies—and firearms are still prohibited—where a convict's "pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20). The Supreme Court has said this exception to the exception sweeps broadly. *Caron*, 524 U.S. at 314–17. "Under the Supreme Court's existing interpretation, *any* residual limitation on the offender's right to possess a firearm—however small—is enough to activate § 921(a)(20)'s 'unless' clause and preclude the offender from taking advantage of the statutory exception." *United States v. Kyllonen*, 774 F. App'x 212, 213 (5th Cir. 2019) (emphasis in original) (citing *Caron*, 524 U.S. at 314–17). In *Kyllonen*, the Fifth Circuit upheld a criminal conviction under § 922(g)(1), stating that "[a]t the time [the defendant] was released from prison, Michigan would only grant a concealed carry permit to applicants who had 'never been convicted of a felony in this state or elsewhere.' MICH. COMP. LAWS § 28.425b(7)(f). The state, in other words, imposed a residual limitation on [the defendant's] ability to exercise his Second Amendment rights. Accordingly, [the defendant] never qualified under § 921(a)(20) for an exception to § 922(g)(1) liability, irrespective of any other civil right that Michigan may or may not have restored to him." *Id.*; *see also United States v. Sanford*, 707 F.3d 594 (6th Cir. 2012) (same); *Van der Hule v. Holder*, 759 F.3d 1043 (9th Cir. 2014) (holding in 18 U.S.C. § 925A action that Montana statute precluding felon from receiving a concealed weapons permit rendered plaintiff prohibited under 18 U.S.C. § 922(g)(1) from possessing any firearms).

Here, despite Plaintiff's expungement, Missouri maintains residual limitations on Plaintiff's ability to obtain a permit to carry a concealed firearm. *See* § 610.140.9, RSMo (stating that "a person granted an expungement shall disclose any expunged offense . . . when the disclosure of such information is necessary to complete any application for: . . . (2) Any . . .

permit issued under chapter 571"). Accordingly, pursuant to the "unless" clause of § 921(a)(20), Plaintiff does not qualify for an exception to the prohibition in § 922(g)(1), and judgment should be entered for Defendants.

In 1998, Plaintiff Timothy W. Daniels pled guilty to one felony count of possession of a controlled substance. In 2020, Mr. Daniels applied for and received an expungement as defined by Missouri law. *See* § 610.140, RSMo. Mr. Daniels now claims he has no criminal conviction and, accordingly, seeks to possess a firearm despite 18 U.S.C. § 922(g)(1). Mr. Daniels asserts he no longer has a disqualifying felony conviction, and, even if he does, his civil rights have been restored.

Contrary to Mr. Daniels' assertions, his felony conviction still exists and limits his firearms rights. Mr. Daniels' conviction remains "grounds for automatic disqualification" for employment "with any employer that is required to exclude applicants with certain criminal convictions from employment due to federal or state law, including corresponding rules and regulations." § 610.140.9, RSMo. Moreover, the best reading of Missouri law is that Mr. Daniel's felony conviction is disqualifying for a concealed-carry permit. § 610.140.9, RSMo. Missouri's statutory expungement procedure does not operate as a complete removal of the effects of a conviction on the exercise of Mr. Daniels' Second Amendment rights, so Mr. Daniels' conviction still precludes his possession of a firearm under federal law.

Missouri's expungement statute expressly requires Mr. Daniels to disclose his conviction in connection with any application for a concealed carry permit, § 610.140.9(2), RSMo, and the concealed carry law states that it is a "requirement" that the applicant "[h]as not pled guilty to or entered a plea of nolo contendere or been convicted of a crime punishable by imprisonment for a

term exceeding one year under the laws of any state or of the United States . . . ." § 570.107.2(3), RSMo.

At a minimum, the expunged felony conviction may be a factor in denying any such permit. *See R.F. v. Owen*, 596 S.W.3d 221, 224–25 (Mo. App. W.D. 2020). While a Missouri concealed carry permit is not necessary to carry a concealed firearm, the lack of a permit exposes an individual to additional criminal liability. § 571.107.2, RSMo. And, perhaps counterintuitively, a concealed carry permit is necessary to openly possess or transport a firearm a firearm in a jurisdiction with an ordinance banning open carry, § 21.750, RSMo, or to even briefly display a firearm in any area where open carrying of firearms is prohibited. *See* § 571.037, RSMo. A Missouri concealed carry permit is also important for purposes of concealed carry reciprocity in other states.

Under Eighth Circuit precedent, the fact that Mr. Daniel's Judgment and Order of Expungement (Doc. 18-7) does "not contain an express limitation on the right to possess firearms is not controlling." *United States v. Wind*, 986 F.2d 1248 (8th Cir. 1993) (concurring opinion). Even if the Order itself does not include the express limitation required by § 921(a)(20), the "unless" clause "necessarily requires that the Court consider the whole law of a State . . . ." *Davis v. United States*, 972 F.2d 227, 231 (8th Cir. 1992). Considering the whole law of Missouri and the Supreme Court's "all-or-nothing" precedent in *Caron*, Mr. Daniels remains a prohibited person under § 922(g)(1).

At bottom, "Missouri has chosen not to vouch for its former felons or to treat them as full members of society, so as to remove their convictions from consideration under federal law." *United States v. Meeks*, 987 F.2d 575, 578 (9th Cir. 1993). Even with respect to an expunged felony conviction, an individual has residual restrictions on the exercise of their Second

4

Amendment rights that, pursuant to *Caron*, mean federal law bars the individual from possessing firearms.

Additional grounds for the motion are set forth in accompanying suggestions in support.

WHEREFORE Defendants respectfully move the Court enter an order: (1) granting summary judgment in favor of Defendants; (2) denying Plaintiff any relief whatsoever; and (3) granting such other relief as is just and proper.

Dated: March 16, 2023

Respectfully submitted,

Teresa A. Moore
United States Attorney

By  */s/ Alan T. Simpson*
Alan T. Simpson, Mo. Bar No. 65183
Assistant United States Attorney
Western District of Missouri
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3130
Facsimile: (816) 426-3165
Email: alan.simpson@usdoj.gov
ATTORNEY FOR DEFENDANT