IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TIMOTHY WAYNE DANIELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-00475-RK |
| | ) |
| US DEPARTMENT OF JUSTICE, | ) |
| FEDERAL BUREAU OF | ) |
| INVESTIGATION, ATTORNEY | ) |
| GENERAL OF THE UNITED STATES, | ) |
| US ATTORNEY WESTERN DIST. OF | ) |
| MISSOURI, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Plaintiff's motion for attorney fees pursuant to Rule 54(d)(2) and 18 U.S.C. § 925A(2). (Doc. 32.) Plaintiff seeks an award of attorney fees in the amount of $45,035.90. The deadline for filing a response has passed and no response has been filed. After careful consideration and for the reasons explained below, Plaintiff's motion is **GRANTED**.

I. Background

On July 13, 2023, the Court granted summary judgment in Plaintiff's favor, awarding relief under 18 U.S.C. § 925A for the erroneous denial of the purchase of a firearm. (Doc. 32.) A clerk's judgment was entered on July 14, 2023. (Doc. 31.)

II. Discussion

Rule 54(d) of the Federal Rules of Civil Procedure states: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law." Reasonable attorney fees are provided for under § 925A along with, and as part of, the costs: "In any action under this section, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs."

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (examining an award request to prevailing party

in action under 42 U.S.C. § 1983 pursuant to 42 U.S.C. § 1988). This approach – the "lodestar method" – is intended to "roughly approximate[] the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Blackorby v. BNSF Railway Co.*, 60 F.4th 415, 420 (8th Cir. 2023) (citation and quotation marks omitted). In this lodestar analysis, a "reasonable hourly rate" is the prevailing market rate, that is, "an ordinary rate for similar work in the community where the case has been litigated." *Marshall v. Anderson Excavating & Wrecking Co.*, 8 F.4th 700, 712 (8th Cir. 2021). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). "The most critical factor in assessing fees is the degree of success obtained." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 852 (8th Cir. 2002).

Here, Plaintiff is the prevailing party, having prevailed in summary judgment, defeating Defendants' own motion for summary judgment. Plaintiff and Counsel agreed to an hourly billing rate of $350. Counsel provided detailed timesheets of the work done on this case, totaling 128.647 hours. The case involved a novel issue of law that had not previously been litigated or addressed in substantive detail by a federal district court in Missouri, and as such required significant time dedicated to legal research and writing. The Court finds counsel's hourly rate charged was reasonable, as was the number of hours expended in this litigation.

### III. Conclusion

Accordingly, Plaintiff's motion is **GRANTED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark<br>
ROSEANN A. KETCHMARK, JUDGE<br>
UNITED STATES DISTRICT COURT

DATED: September 6, 2023